**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOMETIC CORPORATION,** | § | |
| **A Delaware Corporation** | § | **Case No. 5:26-CV-00221-PAB** |
| | § | |
| **Plaintiff,** | § | |
| | § | **Judge Pamela A. Barker** |
| **v.** | § | |
| | § | |
| **TEKMART INTERNATIONAL, INC.,** | § | |
| **A Canadian Corporation,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT TEKMART INTERNATIONAL, INC.'S**
**<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ……………………………………………………………………1

TABLE OF AUTHORITIES …………………………………………………………….2

I.    **STATEMENT OF ISSUES PRESENTED** ................................................................. 5

II.    **SUMMARY OF ARGUMENT** ................................................................................... 5

III.  **INTRODUCTION** ....................................................................................................... 6

IV.  **FACTUAL BACKGROUND** ..................................................................................... 7

V.   **LEGAL STANDARD** ............................................................................................... 10

VI.  **ARGUMENT** ............................................................................................................. 13

    A.   **This Court Lacks General, Specific, and Alter-Ego Jurisdiction Over Tekmart Canada** ............................................................................................................... 13

    B.   **This Court Should Dismiss Dometic's Claims Against Tekmart Canada For Improper Venue** ................................................................................................... 19

    C.   **This Court Should Dismiss Dometic's Complaint pursuant to the Doctrine of Forum NON-CONVENIENS** ................................................................................ 20

    D.   **This Court Should Dismiss Dometic's Claims Against Tekmart Canada Because It Has Failed to State A Claim Upon Which Relief Can Be Granted** ................................... 22

VII. **REQUEST FOR RELIEF** ........................................................................................ 25

## CASES

*Air Products & Controls, Inc. v. Safetech Int'l*, 503 F.3d 544 (6th Cir. 2007) ........................... 17

*Alexander v. Motorists Mut. Ins. Co.*, 1st Dist. Hamilton No. C-110836, 2012-Ohio-3911, 2012

WL 3711299, ¶ 33, ..................................................................................................... 21

*Associação Brasileira de Medicina de Grupo v. Stryker Corporation*, 891 F.3d 615 (2018 ....... 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................... 11

*Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 828 (5th Cir. 1993) ................................. 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................................................... 11

*Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) ...................... 13

*Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) ......................................................... 9

*Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472 (6th Cir. 2003) ..................... 17

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)

.................................................................................................................................. 13

*Calder v. Jones*, 465 U.S. 783 (1984) ............................................................................. 13

*Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000) .................................... 13

*Capital Real Estate Partners, LLC v. Nelson*, 12th Dist. Warren Nos. CA2018-08-085 and

CA2018-08-094, 2019-Ohio-2381, 2019 WL 2498720, ¶ 13 ................................... 23

*Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) ...................................................... 9

*Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012) .................................................... 12

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) .............................................................. 11

*Ford v. Star Bank, N.A.*, 1998 WL 553003, *3 (4th Dist. Aug. 27, 1998) ................................. 22

*Gone to the Beach, LLC v. Choicepoint Servs.*, 434 F. Supp. 2d 534, 537–38 (W.D. Tenn. 2006)

.................................................................................................................................. 10

2

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180
   L.Ed.2d 796 (2011) ....................................................................................................... 11

*Hefferan v. Ethicon Endo-Surgery*, 828 F.3d 488, 498 (6th Cir. 2016) ........................................ 20

*Intera*, 428 F.3d at 616 ................................................................................................................. 13

*Int'l Shoe Co.*, 326 U.S. at 316, 66 S.Ct. 154 .............................................................................. 13

*Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) ..................... 12

*Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) ..................... 12

*Iqbal*, 556 U.S. at 678 ................................................................................................................. 11

*J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 653 (N.D. Ohio 2019) ... 10

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) ........................... 10

*NSK Industries v. Tekmart Integrated Manufacturing Services, Ltd.*, Case No. 5:22-cv-02335
   (N.D. Ohio) ..................................................................................................................... 7

*Peacock v. Thomas*, 516 U.S. 349, 354–56 (1996) ...................................................................... 17

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) ............................................................... 19

*Roberts v. McCoy*, 12th Dist., 2017-Ohio-1329, 88 N.E.3d 422, ¶ 27 ........................................ 23

*See Jackson v. State St. Bank & Tr. Co.*, 110 Ohio App.3d 388, 674 N.E.2d 706, 710 (1996) .... 13

*SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 354–56 (6th Cir. 2014) .............................. 9

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ......................... 19

*Thorson Baker & Associates, Inc. v. Nicholas*, 204 N.E.3d 611 (2022) ...................................... 16

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) .................................................... 9

*Third Nat'l Bank v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989) .......................... 13

*Walden v. Fiore,* 571 U.S. 277, 285 (2014) ................................................................................... 4

*Walden*, 571 U.S. at 285. ............................................................................................................. 13

*Wang v. General Motors, LLC*, 371 F.Supp.3d 407 (2019) .......................................................... 11

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) ........................................................................................................................ 13

*Zobel v. Contech Enters.*, 170 F. Supp. 3d 1041, 1044 (S.D. Ohio 2016) ..................................... 9

**STATUTES**

[§] 2307.382(A)(4) ........................................................................................................................ 13

§ 2307.382(C)(emphasis added) ................................................................................................... 12

20 U.S.C. §1391 ............................................................................................................................. 3

28 U.S.C. §1391 ............................................................................................................................. 4

28 U.S.C. § 1391(b)(2) ................................................................................................................. 17

28 U.S.C. § 1391(c)(2) ................................................................................................................. 18

28 U.S.C. § 1406(a) ...................................................................................................................... 10

Ohio Rev. Code § 1336.03(A) ..................................................................................................... 22

Ohio Rev. Code §1336.04 ............................................................................................................ 20

Ohio Rev.Code Ann. § 2307.382(A), (C) (1988) ........................................................................ 12

R.C. § 2307.382 ........................................................................................................................... 16

**RULES**

Rule 12(b)(3) ................................................................................................................................. 19

Rule 68 ......................................................................................................................................... 15

## I.    STATEMENT OF ISSUES PRESENTED

(1)    Whether this Court lacks personal jurisdiction over Tekmart Canada, a Canadian corporation with no offices, employees, property, or business activities in Ohio, where the alleged conduct occurred entirely outside Ohio.

(2)    Whether venue is improper under 20 U.S.C.  §1391, where none of the events giving rise to the claims occurred in Ohio and none of the property at issue is located in Ohio

(3)    Whether the case should be dismissed under the doctrine of forum non conveniens, where the dispute involves foreign entities and assets located in Mexico and Canada.

(4)    Whether the Complaint fails to state a claim, where the alleged Rule 68 judgement is not a contract capable of breach and the exercise of secured creditor rights cannot constitute tortious interference of fraudulent transfer as a matter of law.

## II.    SUMMARY OF ARGUMENT

Plaintiff seeks to enforce an Ohio judgment against a Canadian corporation that has no meaningful connection to Ohio. The Complaint attempts to bootstrap jurisdiction based solely on the existence of a prior judgment entered in this District, That theory fails as a matter of law. First, this Court lacks personal jurisdiction over Tekmart Canada. Tekmart Canada is a Canadian corporation headquartered in Ontario. It has no offices, employees, property, or business operations in Ohio. The alleged conduct underlying Plaintiff's claims involved a Canadian creator, a Hong Kong debtor, and assets located in Mexico. The Supreme Court has made clear that the plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore,* 571 U.S. 277, 285 (2014). Because Tekmart Canada did not purposefully direct any conduct toward Ohio, the exercise of jurisdiction would violate due process.

Second, venue is improper. Under 28 U.S.C.  §1391, venue is proper only when a defendant resides or where a substantial part of the events giving rise to the claim occurred. Tekmart Canada does not reside in Ohio, and none of the alleged events occurred in Ohio. The transaction at issue occurred outside the United States, and involved assets located entirely in Mexico.

Third, even if jurisdiction and venue existed, dismissal would be appropriate under the doctrine of forum non conveniens. The dispute involved foreign entities and foreign assets, and the relevant witnesses and evidence are located abroad. Canada and Mexico provide adequate alternative forums for resolution of the dispute.

Finally, the Complaint fails to state a claim. Plaintiff's tortious interference claim fails because Rule 68 judgment is not a contract capable of breach. Plaintiff's successor liability claim likewise fails because the Complaint does not plausibly allege that Tekmart Canada assumed liabilities of TIMS HK.

For these reasons, the Complaint should be dismissed.

## III.    INTRODUCTION

COMES NOW, Defendant, TEKMART INTERNATIONAL, INC. ("Tekmart Canada"), and files this Motion to Dismiss Plaintiff's Original Complaint for Lack of Personal Jurisdiction (Rule 12(b)(2)), Improper Venue (Rule 12(b)(3)); Forum Non Conveniens; and Failure to State a Claim Upon Which Relief Can Be Granted and would respectfully show the Court as follows:

This action is an attempt to enforce an Ohio judgment against a foreign corporation that has no meaningful connection to Ohio. Plaintiff Dometic Corporation ("Dometic" or "Plaintiff"), an Illinois or Delaware entity, has filed this lawsuit against Tekmart Canada, a separate Canadian corporation, seeking to recover a judgment it obtained against Tekmart Integrated Manufacturing

Services, LTD. ("TIMS"), a Hong Kong entity, despite the fact that Plaintiff's own Complaint demonstrates that: (a) this Court lacks personal jurisdiction over Tekmart Canada because Tekmart Canada does not have any contacts with Ohio and exercising such jurisdiction would deny Tekmart Canada's due process of law; (b) Ohio has no connection to Tekmart Canada or the transaction that Plaintiff seeks to litigate; (c) that neither Plaintiff nor Defendant nor the events or omissions giving rise to claim occurred in this judicial district; and (d) the doctrine of forum non conveniens requires dismissal. Instead, Plaintiff attempts to bootstrap jurisdiction from the existence of a prior judgment entered in this District. The Constitution does not permit that result. The Supreme Court has made clear that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Because Tekmart Canada lacks the minimum contacts required by due process, because service of process has not been properly effected, and because venue is improper in this District, and for the other reasons stated below, the Complaint must be dismissed.

## IV.    FACTUAL BACKGROUND

Pursuant to its Complaint[1], Plaintiff alleges the following relevant jurisdiction and venue facts:

1.    Plaintiff Dometic Corporation is a Delaware corporation, with its principal place of business located in Chicago, Illinois. (Pl.'s Compl. ¶ 13.)

2.    Defendant Tekmart Canada is a Canadian Corporation, with its principal place of business located at 666 Vaughn Road, Ontario, M6E-2Y5, Canada, allegedly maintaining an office at 1455 Vanderbilt Drive, El Paso, *Texas*, 79935. (Pl.'s Compl. ¶¶ 14, 15.)[2]

---

[1] Defendant does not admit any of the Complaint's allegations herein. But for purposes of this Motion, the Court can rely on Plaintiff's own allegations to determine that the Court lacks personal jurisdiction over this Defendant.
[2]  Defendant disputes this allegation. Regardless, the alleged Texas location is unrelated to Ohio and therefore does not support jurisdiction in this forum.

7

3. Plaintiff attempts to rely on diversity jurisdiction for this Court's subject matter jurisdiction. (Pl.'s Compl. ¶ 16.)

4. Plaintiff alleges that this Court has personal jurisdiction over Tekmart Canada because: (a) Tekmart Canada allegedly engaged in fraudulent conduct designed to thwart collection of an Ohio judgment; (b) Tekmart Canada allegedly tortiously interfered with a contractual agreement entered into in Ohio, thereby causing injury to Dometic; and (c) Tekmart Canada is liable for breach of contract entered into in Ohio, causing injury to Dometic. (Pl.'s Compl. ¶ 17.)  None of this conduct occurred (if it occurred) in Ohio.

5. Any harm that was suffered by Plaintiff was suffered in Delaware or Illinois. (Pl.'s Compl. ¶ 13.)

6. Plaintiff alleges that Venue is proper in this Court because a substantial part of the events giving rise to the claim allegedly occurred in this district but the Complaint fails to identify any fraudulent transfer actions that occurred in this district. (Pl.'s Compl. ¶ 18.)

7. The Court can take judicial notice that TIMS, the alleged predecessor-in-interest to Tekmart Canada, is a foreign, Hong Kong Corporation. (*See NSK Industries v. Tekmart Integrated Manufacturing Services, Ltd.*, Case No. 5:22-cv-02335 (N.D. Ohio) (hereinafter referred to as the "TIMS Lawsuit").

8. In the TIMS Lawsuit, NSK Industries, Inc. ("NSK"), an Ohio corporation, filed suit against TIMS for breach of contract and other related contractual claims.  (*See* Dkt. 12, TIMS Lawsuit.)

9. TIMS answered NSK's lawsuit and filed a third-party complaint against Dometic, which Dometic answered and filed counterclaims against TIMS. (Dkt. 37, TIMS Lawsuit.)

10. Eventually, the TIMS Lawsuit concluded with the entry of stipulated judgments against TIMS and in favor of NSK and Dometic.

11.      The Judgment in favor of Dometic is attached hereto as <u>Exhibit A.</u>  The Judgment states, in pertinent part, that the matter came "before the Court on [TIMS] Rule 68 offer of Judgment and Dometic Corporation's acceptance thereof." (Ex. A.)   "Being advised of the offer and acceptance, the Court ordered that: "Judgment . . . is entered against TIMS in favor of Dometic in the amount of . . . ($1,215,634.90), for which execution may immediately issue. . . . This judgment applies to all claims alleged and asserted by and between both DOMETIC and TIMS in this matter." (Ex. A.)

12.      Because Plaintiff's Complaint refers to and relies upon the transcript, the Court may take judicial notice of the deposition transcript of Ron Myers, TIMS HK's Rule 30(b)(6) corporate designee, taken on October 30, 2024 in *NSK Industries, Inc. v. Tekmart Integrated Manufacturing Services Ltd.*, Case No. 5:22-cv-02335 (N.D. Ohio). The deposition transcript is attached hereto as **Exhibit B, Deposition of Ron Myers.**

13.      TIMS HK operated entirely outside Ohio. Its physical assets, manufacturing operations, and inventory were located in Mexico, primarily in Juarez and Tijuana. The company had no employees or payroll in Ohio. TIMS HK's financial condition also reflected deep insolvency prior to the challenged transfer, with accounts payable exceeding $20 million while receivables totaled approximately $7.4 million. Tekmart Canada held a secured debt of approximately $12.4 million arising from a 2013 security agreement that predates Plaintiff's judgment by more than a decade. (*See* Exhibit B.)

14.      Plaintiff alleges Tekmart Canada's security interest was "limited to fixed assets." (Pl.'s Compl. ¶ 44(a).) The Purchase Agreement, which Plaintiff refers to in the Complaint, demonstrates that the Security Agreement's collateral included "all of Debtor's rights, titles and interest, whether now existing or hereafter acquired, in and to any and all 'Assets' sold, transferred or conveyed, including accounts receivable and inventory as of March 21, 2013, and all cash and

9

non-cash process and products thereof, including, without limitation, all personal property." (**Exhibit C, Asset Purchase Agreement**.)

15. Tekmart Canada and TIMS HK are "separate entities." (Ex. B, Myers Dep. p.27, l.5-6.).

16. This Court has already recognized, in denying Plaintiff's Motion to Reassign, that this action involves "a different defendant, as well as entirely different factual allegations and claims than in the Earlier Action." (Order, Doc. No. 11, Feb. 10, 2026.)

17. In sum, Plaintiff's own Complaint and Myers' testimony establish the following undisputed jurisdictional facts: (a) Tekmart Canada is a Canadian corporation with no presence in Ohio; (b) the El Paso address is a third-party logistics pass-through, not an office, which is also *not in Ohio*; (c) there are no employees; (d) every asset is in Mexico — none in Ohio; (e) the debtor was deeply insolvent before the transfer; (f) the secured debt of $12.4 million predates the judgment by eleven years; (g) the security interest covers both fixed and current assets; (g) the entities are separate; and (h) not a single act alleged in the Complaint occurred in Ohio. There are no allegations supporting general or specific jurisdiction over Tekmart Canada. This Court must dismiss the Complaint for lack of personal jurisdiction, improper venue, under the doctrine of forum non conveniens, or under Rule 12(b)(6).

## V. LEGAL STANDARD
### A. PERSONAL JURISDICTION

The party asserting jurisdiction has the burden of proof. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

To establish specific personal jurisdiction over a defendant, the Court must find that (1) the defendant is amenable to service of process under the State's long-arm statute; and (2) the exercise of personal jurisdiction is proper under the Due Process Clause. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). "[P]ersonal jurisdiction fails unless exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice." *J.M. Smucker Co. v. Hormel Food Corp.*, 526 F. Supp. 3d 294, 300 (N.D. Ohio 2021); *See also Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505–08 (6th Cir. 2014). "[A] plaintiff must prove that jurisdiction is proper over each defendant individually." *Zobel v. Contech Enters.*, 170 F. Supp. 3d 1041, 1044 (S.D. Ohio 2016) (quoting *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 354–56 (6th Cir. 2014)).

"[A] court disposing of a Rule 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal," but may consider a defendant's undisputed factual assertions. *CompuServe*, 89 F.3d at 1262; *Theunissen*, 935 F.2d at 1459. The *prima facie* showing of jurisdiction that the Plaintiff must make requires "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Dismissal is proper "if all the specific facts which the plaintiff ... alleges collectively fail to state a *prima facie* case for jurisdiction." *J.M. Smucker Co. v. Promotion in Motion, Inc.*, 420 F. Supp. 3d 646, 653 (N.D. Ohio 2019) (quotation and citation omitted).

Plaintiff has failed to establish a *prima facie* case for jurisdiction in this instance.

**B. IMPROPER VENUE**

Under Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss a case for improper venue. On such a motion, it is the plaintiff's burden to show that venue is proper. *Gone to the Beach, LLC v. Choicepoint Servs.*, 434 F. Supp. 2d 534, 537–38 (W.D. Tenn. 2006). If the district

11

court finds that the case is "in the wrong division or district" the court "shall dismiss" the case. 28 U.S.C. § 1406(a).

### C.     FORUM NON-CONVENIENS

The legal standard for dismissal under the doctrine of forum non conveniens involves a three-step analysis that courts must follow. First, the court determines the degree of deference owed to the plaintiff's forum choice. *Associação Brasileira de Medicina de Grupo v. Stryker Corporation*, 891 F.3d 615 (2018), *Hefferan v. Ethicon Endo–Surgery Inc.*, 828 F.3d 488 (2016). Second, the defendant bears the burden of establishing that an adequate alternative forum is available where the claim can be heard. *Associação Brasileira de Medicina de Grupo v. Stryker Corporation*, 891 F.3d 615 (2018), *Hefferan v. Ethicon Endo–Surgery Inc.*, 828 F.3d 488 (2016). Third, the defendant must demonstrate that the plaintiff's chosen forum is unnecessarily burdensome based on a balancing of public and private interests. *Associação Brasileira de Medicina de Grupo v. Stryker Corporation*, 891 F.3d 615 (2018), *Wang v. General Motors, LLC*, 371 F.Supp.3d 407 (2019).

Under the common law doctrine of *forum non conveniens*, the court "may decline to exercise its jurisdiction, even though the court has jurisdiction and venue, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum." *Baumgart v. Fairchild Aircraft Corp*., 981 F.2d 824, 828 (5th Cir. 1993).

### D.  FAILURE TO STATE A CLAIM

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Courts must take well-pled allegations in the complaint as true and construed in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

## VI.    ARGUMENT

### A.  This Court Lacks General, Specific, and Alter-Ego Jurisdiction Over Tekmart Canada

Personal jurisdiction falls into two categories: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011). "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

#### a.   General Jurisdiction

Here, Dometic has not established nor tried to establish that this Court has general jurisdiction over Tekmart Canada.  Dometic's Complaint is devoid of any allegations showing that Tekmart Canada has conducted continuous and systematic activities in Ohio.

#### b.  Specific Jurisdiction

This Court also does not have specific personal jurisdiction over Tekmart Canada. "Specific jurisdiction, on the other hand, depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012). "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of

jurisdiction must be compatible with the due process requirements of the United States Constitution." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if his conduct falls within the nine bases for jurisdiction listed by the statute. *See* Ohio Rev.Code Ann. § 2307.382(A), (C) (1988); *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012). The statute makes clear that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action ***arising from*** acts enumerated in this section may be asserted against" the non-resident defendant.[2] § 2307.382(C)(emphasis added).

There must be a substantial connection between a defendant's conduct and the forum state such that the defendant would "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). This standard protects defendants against being haled into court in the forum by virtue of random, fortuitous, or attenuated contacts. *Intera*, 428 F.3d at 616 (citing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000)).

But a finding that the requisites for state-law long-arm jurisdiction have been met does not end the inquiry: the Due Process Clause requires that the defendant have sufficient "minimum contact[s]" with the forum state so that finding personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Third Nat'l Bank v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989); *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (relying on *Int'l Shoe Co.*, 326 U.S. at 316, 66 S.Ct. 154). The Court considers three prongs: (1) whether Defendant purposefully availed itself of the privilege of doing business in Ohio, (2) whether Defendant's activities in Ohio proximately caused the Plaintiff's injuries, and

(3) whether the consequences caused by Defendant's actions were sufficiently connected to Ohio to make its courts' jurisdiction reasonable. *See id.* at 507–08.

Dometic's Complaint predominantly relies upon the "location of the injury" inquiry. Location of the injury is relevant but not conclusive. *See Jackson v. State St. Bank & Tr. Co.*, 110 Ohio App.3d 388, 674 N.E.2d 706, 710 (1996) ("A determination of long-arm jurisdiction under [§] 2307.382(A)(4) first entails a finding that the tortious injury occurred in Ohio."). The alleged injury to Plaintiff does not create jurisdiction because "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285.

Dometic's Complaint fails to establish a *prima facie* case of personal jurisdiction, even taking its allegations as true. Under the *Calder v. Jones*, 465 U.S. 783 (1984), three-part test from *Walden*, the foreclosure fails each prong. Prong One (intentional act): Even assuming the foreclosure was "intentional," the relevant inquiry is whether it was directed at the forum. Prong Two ("expressly aimed" at Ohio): This is dispositive. The foreclosure was executed in Toronto, governed by Canadian law, concerning Mexican assets. *Walden* clarified that "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." 571 U.S. at 284 (emphasis in original). Prong Three (harm in Ohio): Any economic injury was suffered where Plaintiff is located: Chicago, Illinois. Dometic is a Delaware corporation headquartered in Illinois—not Ohio.  If the harm was felt anywhere, it was Illinois.

 Moreover, the Complaint makes clear that any actions by Tekmart Canada occurred outside of Ohio.  Tekmart Canada is a foreign entity, located in Canada, allegedly with an office in El Paso, Texas, that allegedly engaged in a fraudulent scheme with a Hong Kong entity (TIMS). None of these allegations would have occurred in Ohio.

Plaintiff alleges Tekmart Canada "engaged in fraudulent conduct designed to thwart collection of a judgment … entered by the United States District Court for the Northern District

15

of Ohio." (Pl.'s Compl. ¶ 17.) This fails also because the plaintiff cannot be the only link between the defendant and the forum.

The undisputed record confirms that every act comprising the alleged transaction occurred outside Ohio. The security agreement was executed in Canada in 2013. (Pl.'s Compl. ¶ 32.) The foreclosure agreement was executed between a Canadian and a Hong Kong entity. (Pl.'s Compl. ¶ 36.) The assets are in Mexico. (Ex. B, Myers Dep. p.29, l.21-22.) The debtor's corporate records are in Hong Kong. The only U.S. location associated with TIMS HK is a temporary transit warehouse in El Paso, Texas operated by a third party. (Ex. B, Myers Dep. p.19, l.6-10.) Ohio appears nowhere in this transaction. The only connection between this case and Ohio is the prior judgment against a non-party — which is precisely the "plaintiff as only link" theory that *Walden* rejected.

The Complaint asserts three causes of action: (1) Fraudulent Transfer; (2) Tortious Interference with a Contract; (3) Breach of Contract – Successor Liability.  None of the allegations of conduct by Tekmart Canada related to these causes of action occurred in Ohio.

Fraudulent Transfer: The Complaint alleges that TIMS HK fraudulently transferred its assets to Tekmart Canada in order to avoid paying the judgment.  (Pl.'s Compl. ¶ 35-51.)  While Tekmart Canada vehemently disputes these allegations, there is not a single mention of activities that occurred in Ohio nor of assets that exist in Ohio.  The Complaint makes clear that TIMS was a Hong Kong entity with assets in Mexico. (Pl.'s Compl. ¶ 48.) There are no allegations of fraudulent representations or otherwise occurring in Ohio.

Tortious Interference with a Contract: The Complaint alleges that Tekmart Canada interfered with the "contract" entered into by and between TIMS and Dometic, namely, the Rule 68 Offer of Judgment and the Judgment that resulted therein.  (Pl.'s Compl. ¶ 59-66.)  Once again, there are no allegations of any action by Tekmart Canada occurring in Ohio or directed at Ohio.

16

If anything, any alleged action by Tekmart Canada would have been directed at Dometic – a resident of Illinois.

Breach of Contract – Successor Liability:  The Complaint alleges that Tekmart Canada is liable on the Judgment (which Dometic claims is the "October 2024 Agreement"). Putting aside for the moment Dometic's misrepresentations of the nature of the Judgment, the Complaint fails to allege any actions by Tekmart Canada in relation to the Judgment and fails to allege that any such actions occurred in Ohio.  Even if payment was required by the Judgment, such payment would not have occurred in Ohio but in Illinois – Dometic's residence.

Because Tekmart Canada has not had any interaction with Dometic, it did not purposefully direct any activities in Ohio related to this litigation.  If the Court were to hail Tekmart Canada to Ohio under these circumstances, it would be doing so against notions of fair play and substantial justice.  Accordingly, for these reasons, this Court should grant Tekmart Canada's motion and dismiss Dometic's claims against it.

### c.  *Successor Jurisdiction*

In addition to lacking general and specific jurisdiction, this Court also lacks personal jurisdiction over Tekmart Canada with respect to the claim that Tekmart Canda is the successor in interest to TIMS.

Ohio's long-arm statute permits courts to exercise personal jurisdiction over persons who transact business in the state, but only "as to a cause of action arising from the person's" activities R.C. § 2307.382. Critically, "when assessing personal jurisdiction when dealing with corporate entities, each defendant's contacts with the forum state must be individually assessed." *Thorson Baker & Associates, Inc. v. Nicholas*, 204 N.E.3d 611 (2022)). A successor liability claim "does not have an existence independent of the underlying liability of the corporation that sold the assets," but this "does not alter the character of a successor liability claim

as simply an *in personam* claim against the purchaser of assets that has met the criteria for imposition of successor liability." *Id.*  Thus, a successor corporation cannot automatically inherit jurisdictional contacts from its predecessor merely through an asset purchase or corporate succession. *Walden v. Fiore,* 571 U.S. 277, 286, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) ("But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

Plaintiff's alter ego allegations (Pl.'s Compl. ¶¶ 28-34) are contradicted the deposition record. When asked directly whether Tekmart Canada and TIMS HK are related, Plaintiff's deponent testified they are "separate entities." (Ex. B, Myers Dep. p.27, l.5-6.) The entities maintained separate bank accounts (Ex. B, Myers Dep. p.12, l.13-14), a formal creditor-debtor relationship evidenced by a $12.4 million Note (Ex. B, Myers Dep. p.26, l.11-23), and separate corporate identities — with Myers testifying he had "no information" on Tekmart International. (Ex. B, Myers Errata Sheet, p. 25, l.15.)

Even if the Court takes Dometic's allegations and claims of successor liability as true, there are no allegations that support jurisdiction over Tekmart Canada – an entity that has absolutely zero connections with the state of Ohio.  Attributing TIMS HK's Ohio contacts to Tekmart Canada would violate *Walden's* mandate that the defendant's own conduct must create the connection with the forum. 571 U.S. at 284. The Sixth Circuit has repeatedly rejected jurisdiction in similar circumstances where the defendant's alleged conduct occurred outside the forum state. See *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000); *Air Products & Controls, Inc. v. Safetech Int'l*, 503 F.3d 544 (6th Cir. 2007); *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472 (6th Cir. 2003).

18

In the end, Dometic has failed to establish personal jurisdiction over Tekmart Canada.  This Court should grant Tekmart Canada's motion and dismiss Dometic's case against it for lack of personal jurisdiction.

This Court also lacks ancillary jurisdiction over Tekmart Canada. The Supreme Court has held that jurisdiction over a judgment debtor does not extend to a new defendant merely because the plaintiff seeks to satisfy that judgment against them. *Peacock v. Thomas*, 516 U.S. 349, 354–56 (1996). Tekmart Canada was not a party to the TIMS action. A prior judgment against a non-party creates no jurisdictional basis over that non-party in a subsequent proceeding.

## B.  This Court Should Dismiss Dometic's Claims Against Tekmart Canada For Improper Venue

This motion is brought primarily under Fed. R. Civ. P. 12(b)(3). The threshold question is whether the "events giving rise to the claim" occurred in this district. 28 U.S.C. § 1391(b)(2). The answer is no.

Under 28 U.S.C. § 1391(c)(2), a corporate defendant "resides" where it is subject to personal jurisdiction. As demonstrated herein, Tekmart Canada is not subject to personal jurisdiction in Ohio. Therefore, Defendant does not "reside" in Ohio for venue purposes. Plaintiff's alter ego allegations (Pl.'s Compl. ¶¶ 28–34) describe activities in Canada—consolidated financials, intercompany loans, shared management. None occurred in Ohio.

Plaintiff's venue argument rests on the premise that the November 2024 foreclosure was "fraudulent conduct designed to thwart collection of a judgment … entered by the United States District Court for the Northern District of Ohio." (Pl.'s Compl. ¶ 17.) By labeling the foreclosure as "fraud directed at an Ohio judgment," Plaintiff attempts to transform a Canadian-executed, Mexico-focused transaction into an "Ohio event." This theory fails at two independent levels.

First, even accepting every fraud allegation as true, the alleged fraudulent acts occurred entirely outside Ohio. The Transfer Agreement was executed outside of Ohio. The assets are in Mexico – outside of Ohio.  Second, the alleged fraud still does not create Ohio venue. The public sale process, the foreclosure documents, and all related corporate and financial actions occurred in Canada or Mexico, not Ohio. Even accepting Plaintiff's allegations as true, the conduct Plaintiff challenges is *foreign* conduct relating to *foreign* assets, and it does not become an Ohio "event" merely because Plaintiff holds an Ohio judgment.

Venue is also proper where "a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). All property subject to this action is located in Mexico: the 75% equity interest in TIMS Mexico S. de R.L. de C.V. and the manufacturing facilities in Juarez and Tijuana, Mexico. No property is located in Ohio. The record is unequivocal: every asset that is the subject of this action is located in Mexico – in Juarez and Tijuana (Ex. B, Myers Dep. p.29, l.21-22), inventory is in Mexico (Ex. B, Myers Dep. p.33, l.5), and manufacturing is performed by TIMS Mexico in Mexico. (Ex. B, Myers Dep. p.30, l.21.) The 75% equity interest in TIMS Mexico is an interest in a Mexican corporation. There is no property in Ohio, no events in Ohio, and no basis for venue under 28 U.S.C. § 1391(b)(2). In fact, the Complaint itself claims that it has "recorded judgment liens in the jurisdictions where [TIMS] had assets." (Pl.'s Compl. ¶ 23.) If Dometic believes it can collect from an insolvent entity, then it should do so in those jurisdictions.

Therefore, under Rule 12(b)(3), Plaintiff's Complaint should be dismissed.

### C. This Court Should Dismiss Dometic's Complaint pursuant to the Doctrine of Forum NON-CONVENIENS

Even if this Court were to find jurisdiction and venue proper, dismissal is independently required under the doctrine of forum non conveniens. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). The Court need not resolve jurisdiction before reaching forum non conveniens. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007).

20

Adequate alternative forums exist. Ontario Superior Court of Justice has jurisdiction over Tekmart Canada. Canadian law governs the security documents. Mexican federal courts have jurisdiction over the transferred property. Both forums routinely adjudicate the issues raised in this Complaint.

The private interest factors overwhelmingly favor Canada or Mexico. The deposition record establishes that all documentary evidence is in Canada, Hong Kong, and Mexico; all assets are in Mexico (Ex. B, Myers Dep. p.29, l.19-22; p.33, l.5); all manufacturing is in Mexico (Ex. B, Myers Dep. p.30, l.21); the only witnesses with knowledge of the transaction are located in Canada and Mexico; and this Court lacks subpoena power over any of them. The public interest factors equally favor dismissal. This is a dispute between a Canadian creditor, a Hong Kong debtor, and Mexican assets. Ohio has no interest. The Security Agreement is explicitly governed by Canadian law. (Ex. C, p. 24.) The transfer of the shares of TIMS Mexico is governed by Mexican law. The assets in Mexico are subject to claims by the CTM Union under Article 113 of the Mexican Federal Labor Law, which grants employees superpriority over all creditors — including secured creditors and judgment creditors — with respect to wages and severance. (*See* Exhibit D, CTM Union Article 113 Labor Priorities – Certified Translation; Exhibit E, Mexican Union Article 113, Labor Priorities - Notarized Notice.)  The CTM Union has communicated that any foreign court order over these assets would be challenged in Mexican courts. Retaining this case would require this Court to adjudicate complex questions of Mexican Constitutional Labor Law and would produce a judgment that may be practically unenforceable in Mexico.

Plaintiff's choice of forum is not entitled to deference in this case. Plaintiff is a Delaware corporation headquartered in Illinois, not Ohio. *Hefferan v. Ethicon Endo-Surgery*, 828 F.3d 488, 498 (6th Cir. 2016) (deference reduced when plaintiff has no connection to the chosen forum).

21

Finally, in order to satisfy the availability prong, Defendant stipulates that if this matter is dismissed for forum non conveniens, Defendant consents to jurisdiction in Ontario, Canada or Mexico, and waives any statute of limitations defenses arising during the pendency of this action.

For these reasons, dismissal under the doctrine of Forum Non Conveniens is, separately and alternatively, required.

**D.  This Court Should Dismiss Dometic's Claims Against Tekmart Canada Because It Has Failed to State A Claim Upon Which Relief Can Be Granted**

### 1.  Fraudulent Transfer

Dometic's fraudulent transfer claim likewise fails on the face of the Complaint. Under Ohio Rev. Code §1336.04, a fraudulent transfer requires that the debtor — here TIMS HK — made a transfer with intent to hinder, delay, or defraud creditors. Tekmart Canada was a secured creditor exercising a pre-existing right, not the debtor making a fraudulent conveyance. The transfer cannot be fraudulent as a matter of law where the secured debt of $12.4 million predates Dometic's judgment by more than eleven years and the secured creditor received only what it was already owed. See Ohio Rev. Code §1336.03(A) (value is given when an antecedent debt is secured or satisfied). Accordingly, Count I fails as a matter of law and must be dismissed under Rule 12(b)(6).

Without waiving its jurisdictional objections, Defendant alternatively moves for dismissal under Rule 12(b)(6) based solely on the face of the Complaint and the judgment attached thereto. Tekmart Canada seeks the dismissal of Dometic's claims for (1) tortious interference with a contractual relationship; and (2) breach of contract – successor liability for failure to state a claim upon which relief can be granted.  (Pl.'s Compl. ¶¶ 67-87).

### 2.  *Tortious Interference with a Contract*

Dometic has failed to plead a cognizable claim against Tekmart Canada for tortious interference with a contract.  To state a claim for relief of tortious interference, the Plaintiff must plausibly allege, among other things: "(3) the wrongdoer's intentional procurement of the contract's

breach, (4) lack of justification." *Alexander v. Motorists Mut. Ins. Co.*, 1st Dist. Hamilton No. C-110836, 2012-Ohio-3911, 2012 WL 3711299, ¶ 33, Because Dometic has failed to make plausible factual allegations in its Complaint to establish a claim for breach of contract, the Court should dismiss this claim.

Dometic's own Complaint and the Judgment squarely contradict its claim for tortious interference with a contract against Tekmart Canada because, as a matter of law, the Judgment has not been "breached."  Here, Dometic misrepresents that the Judgment constituted a "promise to pay Dometic" by TIMS. The Judgment is not a promise to pay but merely an acknowledgement of the debt being owed – a debt that still exists as between Dometic and TIMS. As noted in the Judgment, it is Dometic's obligation to seek to collect the judgment: "for which execution may immediately issue." (*Id.*)  No contract has been breached by TIMS.  To the extent that Dometic claims that the "Offer of Judgment" is the contract that it seeks to enforce, that claim fails too.  All that was offered by the Offer of Judgment, was the Judgment itself – which Dometic obtained.  No contract has been breached.

Additionally, even if the Rule 68 Judgment or Offer of Judgment could be construed as a contract, Plaintiff cannot establish the element of "lack of justification." Ohio law requires that tortious interference involve "improper" conduct. *Alexander v. Motorists Mut. Ins. Co.*, 1st Dist. Hamilton No. C-110836, 2012-Ohio-3911, 2012 WL 3711299, ¶ 33.  The exercise of a pre-existing secured creditor's rights — enforcement of a 2013 security interest against a deeply insolvent debtor whose payables ($20.6 million) dwarfed its receivables ($7.4 million) (Myers Dep. p.29, l.7-10) — is not "improper" nor is it "tortious" conduct as a matter of law. Under Ohio Rev. Code § 1336.03(A), "[v]alue is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied."  A secured creditor foreclosing on its own collateral is exercising a legal right (i.e., justified), not committing tortious

23

conduct. *See also Ford v. Star Bank, N.A.*, 1998 WL 553003, *3 (4th Dist. Aug. 27, 1998) (affirming the judgment of the trial court in a fraudulent transfer case when bank "gave reasonably equivalent value" to the debtor and bank was "bank was legally justified in 'cross-collateralizing' both the new loan and the previous open line of credit" in order to secure its loan to the debtor.)

Therefore, as a matter of law, Dometic fails to state a claim upon which relief can be granted with respect to its tortious interference with a contract claim against Tekmart Canada. Thus, it must be dismissed.

### 3. *Breach of Contract*

Similarly, the Court should dismiss Dometic's claim for breach of contract (successor liability) against Tekmart Canada. "To establish a claim for breach of contract, a plaintiff must prove (1) the existence of a contract, (2) plaintiff fulfilled his or her contractual obligations, (3) defendant failed to fulfill his or her contractual obligations, and (4) due to this failure plaintiff incurred damages." *Capital Real Estate Partners, LLC v. Nelson*, 12th Dist. Warren Nos. CA2018-08-085 and CA2018-08-094, 2019-Ohio-2381, 2019 WL 2498720, ¶ 13, citing *Roberts v. McCoy*, 12th Dist., 2017-Ohio-1329, 88 N.E.3d 422, ¶ 27.

Again, as demonstrated on the face of the Judgment, if the Judgment can even be considered a contract, no terms have been breached. It is Dometic's obligation to seek to collect the judgment, it does not require any payments by TIMS. If TIMS has not breached the terms of the Judgment, then neither can it be said, as a matter of law, that Tekmart Canada as an alleged successor has breached the terms of the Judgment.

Accordingly, the Court should dismiss this cause of action for failure to state a claim upon which relief may be granted.

## VII.    REQUEST FOR RELIEF

Accordingly, for these reasons, Defendant TEKMART INTERNATIONAL, INC respectfully requests this Court:

1.  DISMISS this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction;

2.  In the alternative, DISMISS this action pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue;

3.  In the alternative, DISMISS this action pursuant to forum non conveniens in favor of adjudication in Ontario, Canada or Mexico;

4.  In the alternative, DISMISS this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim; and

5.  GRANT such other relief as the Court deems just and proper.


Respectfully Submitted,

/s/ Isaac Tom Monah
Isaac Tom Monah (0098789)
**Monah Law Office**
3401 Enterprise Parkway, Ste. 310
Beachwood, OH 44122
P: 216.501.9119
tom@monahlaw.com
*Co-counsel for Defendant*
*Tekmart International, Inc.*

25

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16th, 2026, a copy of the foregoing has been served

on all counsel of record pursuant to Civ.R.5(B)(3) by filing with the court's electronic filing

system.


*/s/ Isaac Tom Monah*
Isaac Tom Monah (0098789)
*Co-counsel for Defendant*
*Tekmart International, Inc.*

26